**George TAKARA, Appellant,**

v.

**C. F. HANSON, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Pacific Compensation District, and Hawaiian Electric Company, Limited, a Hawaii corporation, Appellee.**

**No. 20778.**

United States Court of Appeals
Ninth Circuit.

Nov. 23, 1966.

Alvin T. Shim, Eichi Oki, Honolulu, Hawaii, for appellant.

Ted Gamble Clause, Honolulu, Hawaii, for appellee Hawaiian Elec. Co.

Herman T. F. Lum, U. S. Atty., Honolulu, Hawaii, John W. Douglas, Asst. Atty. Gen., Morton Hollander, Washington, D. C., for appellee Hanson.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge:

After the big 1962 typhoon swept Guam, the Hawaiian Electric Company sent to the Island about 40 employees for emergency repair work. Takara was one of them.

While in Guam, Takara was entitled to some coverage under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., as extended by the Defense Base Act, 42 U.S.C. § 1651.

On November 27, 1962, after about 12 days of work in Guam and at the conclusion of the day's labor at the job site, Takara and a fellow worker decided to have dinner at a restaurant nearby. They rejected the company supplied bus transportation back to their camp site. This meant they would have to later fend for transportation back as best they could. At about 9:30 p. m. they were out on an unlighted highway "thumbing" a ride back to the construction camp. While doing so, Takara was struck by a United States Navy truck which broke his leg.

We are not concerned here with the Federal Tort Claims Act, but with the benefits, if any, under the acts mentioned above. Did the injury arise out of and in the course of his employment? The district court said "no." Apparently, the district court viewed the situation as one where the commissioner could have properly found either way. But we say "yes."

We are unable to distinguish Takara's case from our Self v. Hanson, 9 Cir., 305 F.2d 699. The Self case may have been an extension of previously held concepts

of liability under the acts with which we deal here. But the commissioner did not seek certiorari on Self. We note that Self is cited in O'Keefe v. Smith, etc., 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895, on a "compare" basis in the majority opinion.

The judgment of the district court affirming the order of the deputy commissioner is reversed for proceedings consistent with this opinion.